HELENE N. WHITE, Circuit Judge
(concurring in part and dissenting in part).
I agree with my colleagues that Lyons’s § 1983 claim is time-barred and that the district court properly dismissed it on that basis. I also concur in the conclusion that Lyons failed to establish a prima facie case of sex discrimination. In addition to the majority’s discussion of the issue, I note that there is no evidence that the dis *493 placed-employee policy was applied in a discriminatory manner based on sex: Tammy Carpenter stated in an affidavit that in her 30 years of experience in the MNPS human-resources department, she was not aware of the policy ever being applied disparately depending on employees’ gender, and that the policy has resulted in transferring more-senior employees into jobs held by less-senior employees irrespective of gender. Although Lyons seems to argue that the policy was applied in Jones’s favor rather than hers, there is no support for the proposition that the policy was applied at all to the grant-funded Family Resource Center director positions.
I also agree with the majority opinion that Lyons states a prima facie claim of retaliation. The close temporal proximity between the filing of her July 5, 2007 EEOC charge and the decision not to hire her for the Hillsboro High School guidance-counselor position, coupled with the Hillsboro Principal’s initial enthusiasm about hiring Lyons for the position, are enough to show a causal connection. I would further hold, however, that Lyons has raised a genuine issue of material fact as to whether MNPS’s proffered reason for not hiring her for this position was pretextual and I would remand.
Keel asserted that her decision to direct that Lyons not be hired was motivated by her earlier conversation with Lyons’s union representative, Benny Goolsby, in which Goolsby allegedly stated that “Lyons was being threatening in her behavior” and that her behavior “was erratic and she didn’t appear stable.” On its face, this is a legitimate, nondiscriminatory reason for the adverse employment action of not re-hiring Lyons for the Hillsboro position. To survive MNPS’s motion for summary judgment, Lyons must show “that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant’s challenged conduct, or (3) was insufficient to warrant the challenged conduct.” Wexler v. White’s Fine Furniture, Inc., 317 F.3d 564, 576 (6th Cir.2003) (en banc). The majority concludes that Lyons’s attempt to cast doubt on the credibility of Keel’s testimony about Goolsby’s statements is insufficient to undermine the proffered reason for the decision not to hire. But Lyons’s argument consists of more than mere assertions that Keel lacks credibility. On June 25, 2007, Keel emailed Lyons, asking: “Have you completed an online application for a guidance counselor position? If not, I suggest you do so immediately, if you wish to be considered for this position.” According to Keel, she sent this email after her conversation with Goolsby, raising the question why her conversation with Goolsby was not worrisome enough to dissuade her from encouraging Lyons to apply for the guidance counselor position in the first instance, but later provided a reason for declining to hire Lyons for the same position. When asked at her deposition why she did not inform Lyons that she would not be hired or tell Lyons not to apply in the June 25 email, Keel merely stated: “I don’t know, and looking back, I probably should have.”
Lyons has thus raised a genuine issue of material fact whether Keel’s proffered reason actually motivated the decision not to hire. This is bolstered by the timeline of events: Lyons filed her first EEOC charge after the July 25 email (and after interviewing for the Hillsboro job) but before Keel decided not to hire her. A jury should decide whether Keel’s decision not to hire Lyons was motivated by concerns about Lyons’s “erratic” behavior or, conversely, was in retaliation for the protected *494 activity of filing an EEOC charge.[1]
Regarding MNPS’s failure to hire Lyons for the Stratford High School guidance counselor position, I agree with the majority that Lyons fails to rebut MNPS’s proffered reason for its decision. Overblown and misconstrued as Lyons’s July 24, 2007 statement to her therapist may have been, it provides an adequate basis for MNPS’s decision not to hire. In my view, then, the July 24 incident would be relevant to the issue of damages.
I respectfully dissent, and would reverse the grant of summary judgment to MNPS and remand for further proceedings.

. No testimony from Goolsby appears in the record.